UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PAYROLL FUNDING COMPANY LLC, a Nevada limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ATLANTIC CONSTRUCTION GROUP (ACG) LLC, a Michigan limited liability company; ASSURED SOURCE, INC., a Delaware corporation; ASSURED SOURCE ASO, LLC, a Delaware limited liability company; PBC GROUP LLC, a New York limited liability company; PHOENIX BUILDING CORP., a New York corporation; JAMES A, D'IORIO, an Individual; THOMAS D'IORIO, an Individual; THOMAS ATAMANOFF, an Individual; and DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:11-cv-00943-APG-NJK<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>(Dkt. no. 28) |

I.   **SUMMARY**

Before the Court is a Motion for Relief from Judgment [Dkt. No. 28] filed by Defendants Assured Source, Inc., Assured Source ASO, LLC, PBC Group LLC, Phoenix Building Corp., James A, D'Iorio, and Thomas D'Iorio's, (collectively "Moving Defendants") pursuant to Federal Rule of Civil Procedure 60(b). The Court has also considered Plaintiff's Opposition and Moving Defendants' Reply. For the reasons discussed below, the motion is denied.

## II. BACKGROUND

Plaintiff sued Defendants in state court in April 2011 for breach of contract and fraud, claiming $138,931.48 in damages. The Complaint alleges that Plaintiff lent money to Defendants to make payroll pursuant to eight (8) agreements ("Agreements"). Moving Defendants were the beneficiaries and guarantors of those loans. Moving Defendants made some payments on the loans, but eventually stopped paying and Plaintiff brought suit.

Defendants were represented by the law firm of Kecskes, Gadd, and Silver ("KG&S"), based out of Plymouth, Michigan. KG&S previously had been corporate counsel for James D'Iorio and his businesses. KG&S retained the Las Vegas-based law firm Grant Morris Dodds ("Local Counsel") to remove the action to federal court, at which time KG&S would apply to appear *pro hac vice*. KG&S was to draft all pleadings, and Local Counsel was to ensure compliance with local rules and filing of the motions.

In June 2011, Local Counsel removed the case to federal court but KG&S never applied to appear *pro hac vice*. The parties had been negotiating a settlement, but when those negotiations broke down, Plaintiff filed a Motion for Partial Summary Judgment in January 2012. Local Counsel contacted KG&S seeking guidance on how to proceed. KG&S represented that the Motion had been forwarded to Moving Defendants but that KG&S had received no response. As Local Counsel was owed money and there was no response from the client/Moving Defendants, KG&S recommended that Local Counsel withdraw as attorneys of record. Local Counsel moved to withdraw from the case on February 14, 2012. Magistrate Judge Johnston conditioned withdrawal on Local Counsel personally serving, or serving by certified mail, a copy of the motion to withdraw and a copy of the court's Order upon each of the defendants Local Counsel represented. At the hearing on the motion to withdraw, Local Counsel could not show proof of service and the motion was denied. The Court granted Plaintiff's Motion for Partial Summary Judgment and entered judgment accordingly.

One day short of one year after the entry of judgment, Moving Defendants moved to set aside the judgment under Rule 60, arguing excusable neglect, fraud, and that the judgment is satisfied.

## III. DISCUSSION

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). Rule 60(b) motions based on the first three reasons must be brought within one year of the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Moreover, all motions must be filed within a "reasonable time." *Id.*

### A. 60(b)(1) - Mistake, Inadvertence, Surprise, or Excusable Neglect

Generally, attorney malpractice is an insufficient basis upon which to set aside a judgment. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 396 (1993). As parties choose their own attorney representatives, each party is "bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* at 397 (internal quotations and citing references omitted). However, the excusable neglect determination is an equitable one that must take into account "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. The Supreme Court has expressly rejected any analysis focusing on whether movants "did all they reasonably could in policing the conduct of their attorney." *Id.* at 396. Rather, the focus is on whether their attorney, as their agent, did all she reasonably could to comply with the court-ordered deadlines.

Interpreting *Pioneer*, the Ninth Circuit held in a memorandum disposition that "neglect" is not implicated where there is "conscious inaction on the part of counsel." *Clark v. H.R. Textron,*

*Inc.*, 66 F.3d 334 *2 (9th Cir, Sept. 8, 1995). In *Clark*, counsel conceded at oral argument that he was aware of the summary judgment motion at least two days prior to the deadline for filing his opposition. *Id.* Rather than move for an extension of time (a simple procedure) he chose to do nothing. *Id.* The Circuit held "[s]uch deliberate inaction cannot, by definition, be neglectful." *Id.*

Moving Defendants claim that they did not have direct communication with Local Counsel, and KG&S informed them the matter would be resolved through settlement. Moving Defendants also claim that they were unaware that KG&S had made no effort to respond to the motion for partial summary judgment or that KG&S had recommended Local Counsel withdraw. Thus, Moving Defendants claim they did not realize the nature and extent of the Judgment until Plaintiff attempted to execute on it. Accordingly, Moving Defendants claim their motion is timely and any delay is justified or excusable.

However, Moving Defendants are bound by the actions of their attorneys. Both Local Counsel and KG&S had notice of the pending opposition deadline and neither sought an extension of time. Taking into account all relevant circumstances, the reason for the delay is within the fault of the Moving Defendants and/or their counsel and could have been reasonably avoided. If Moving Defendants and their attorneys did not have contact with one another, the neglect lies with them and is not excusable. As in *Clark*, Moving Defendants' attorneys deliberately chose to seek withdrawal, rather than an extension of time, and by definition a deliberate action cannot be neglectful. This argument fails.

B. <u>60(b)(2) - Newly Discovered Evidence</u>

Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" that with reasonable diligence could not have been discovered in time to move for a new trial; (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003)(citing references omitted).

Moving Defendants argue that the Judgment is erroneous because Plaintiff misapplied payments made on the loan and Plaintiff obtained part of the judgment based on two forged Agreements. However, Moving Defendants' argument ignores the first hurdle of this basis for relief: that the evidence be "newly discovered." As the motion for partial summary judgment contained all the calculations and Agreements, any misapplication of funds or forgery could have been discovered with reasonable diligence at that time. Moreover, Moving Defendants concede that only the amount of the judgment would be affected, which would not change the disposition of the case. Therefore, this argument also fails.

### C. 60(b)(3) – Fraud

Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of "fraud, ... misrepresentation, or other misconduct of an adverse party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct *and the conduct complained of prevented the losing party from fully and fairly presenting the defense.*" *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)(citation and quotation omitted, emphasis added). However, Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.*

Moving Defendants claim the Judgment was fraudulently obtained because: a) Plaintiff did not properly apply payments that had been made on the loans, and did not account for all payments made on the loan under the Agreements; and b) Plaintiff obtained a large portion of the Judgment against Thomas D'Iorio based on the forged signature on at least two of the Agreements that form the basis of Plaintiff's claim. However, Moving Defendants have not offered any evidence to support the argument that payments were misapplied or that Plaintiff was the party that allegedly forged the two Agreements in question. Even assuming *arguendo* that Plaintiff did not properly apply the payments and forged the two Agreements, Moving Defendants offer no explanation for why this would have prevented them from raising these defenses at the time of the opposition deadline. Accordingly, this argument also fails.

### D. 60(b)(4) - The Judgment is Void

> Although the term 'void' describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule. A judgment is not void, for example, simply because it is or may have been erroneous. . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

*United Student Aid Funds, Inc. v. Espinosa*, 558 U.S. 260, 270-71 (2010).

Moving Defendants argue the judgment is fundamentally infirm because it is overstated in amount and based on fraudulent Agreements. However, this argument also fails because Moving Defendants have not asserted any jurisdictional or due process infirmities. At best, the judgment may have been erroneous, which is not a basis to declare it void. Moving Defendants must concede that they had notice of the pending Motion for Partial Summary Judgment and opportunity to be heard via their attorneys of record. Therefore, the judgment is not void.

### E. 60(b)(5) - The Judgment has been Satisfied

Moving Defendants argue Plaintiff reached a settlement with defendant Thomas Atamanoff, which allegedly assigned two invoices to Plaintiff as collateral for money lent under the Agreements, and that the settlement satisfies the judgment. Plaintiff denies any settlement with Atamanoff. Moving Defendants have nothing more than their own speculation to support the existence of a settlement. Having offered no evidence to support the existence of a settlement with Atamanoff, or with any other Defendant, Moving Defendants have failed to carry their burden to show the judgment has been satisfied. Thus, this argument fails.

### F. 60(b)(6) – Any Other Reason that Justifies Relief

Moving Defendant argues that they are not trying to re-litigate the same issues but that extraordinary circumstances exist to merit the setting aside of the judgment. But there is nothing extraordinary about Moving Defendants' failure to respond to the motion. All the arguments raised now were also available to be raised at the time the opposition to the motion for partial summary judgment was due. Therefore, the motion is denied.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Relief from Judgment is DENIED.

DATED THIS 18th day of November 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE