UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAYROLL FUNDING COMPANY LLC, a Nevada limited liability company, | Case No. 2:11-cv-00943-APG-NJK |
| Plaintiff, | **ORDER AMENDING ORDER GRANTING PARTIAL SUMMARY JUDGMENT, NUNC PRO TUNC** |
| v. | |
| ATLANTIC CONSTRUCTION GROUP (ACG) LLC, a Michigan limited liability company; ASSURED SOURCE, INC., a Delaware corporation; ASSURED SOURCE ASO, LLC, a Delaware limited liability company; PBC GROUP LLC, a New York limited liability company; PHOENIX BUILDING CORP., a New York corporation; JAMES A. D'IORIO, an Individual; THOMAS D'IORIO, an Individual; THOMAS ATAMANOFF, an Individual; and DOES I through X and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

On February 28, 2012, the Court entered an Order (Dkt. no. 13) granting Plaintiff's Motion for Partial Summary Judgment pursuant to Local Rule 7-2(d), finding Defendants' failure to oppose the motion constituted consent to its granting. Under recent Ninth Circuit authority, a district court may not grant summary judgment based solely on a "deemed admitted"[1] local rule.

---

[1] Under the local rule at issue in *Heinemann* and here, the district court may "deem a non-movant's failure to respond a complete abandonment of its opposition to summary judgment;" in other words, the failure to file an opposition constitutes "consent to the granting of the motion." District of Nevada Local Rule 7-2(d).

*See Heinemann v. Satterberg*, No. 12–35404, 2013 WL 5312568 *3 (9th Cir., Sept. 24, 2013). In *Heinemann*, the Ninth Circuit held that "a motion for summary judgment may not be granted based on a failure to file an opposition to the motion, regardless of any local rule that suggests the contrary." *Id.* at *2.

Although legally sound at the time of the granting of the motion, the efficacy of the district court's order has now been called into question by the Ninth Circuit's opinion in *Heinemann*. Simply, it has now been clarified that Federal Rule of Civil Procedure 56 "prohibits the grant of summary judgment 'by default even if there is a complete failure to respond to the motion.'" *Id.* at *3 (quoting Fed. R. Civ. P. Advisory Notes (2010)). In the interest of judicial economy and preventing remand on appeal, the Court is forced to re-examine the merits of the Motion for Partial Summary Judgment. Therefore, the prior Order is amended to include the following:

## I. DISCUSSION

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Id.* A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).

In determining a summary judgment motion, the Court may consider only admissible evidence. Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th

Cir. 1988). To be admissible, proper foundation must be laid and documents must be authenticated. *Id.*; *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987). In a summary judgment motion, documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of [Fed. R. Civ. P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Canada*, 831 F.2d at 925.

Plaintiff seeks summary judgment on the first claim for breach of contract against all Defendants. In support of the motion, Plaintiff offers the allegedly breached contracts, a purchase agreement between ARRT Receivables, Inc. ("ARRT") and Payroll Funding Company, LLC ("Payroll") selling ARRT's right of payment under the alleged breached contracts to Payroll, and the declarations of Demlar Janovec (President of ARRT) and William R. Robins (managing member of Payroll).

Having reviewed the proffered exhibits, the Court finds there is no genuine issue of material fact precluding summary judgment. Defendants were parties and sureties of several different loan agreements ("Agreements") with both ARRT and Payroll. ARRT and Payroll entered into a contract whereby ARRT sold its rights to payment and to pursue loan repayment under the Agreements to Payroll. Defendants failed to completely repay the loans pursuant to the Agreements.

The Agreements and the affidavits combined establish the amount of each Defendant's liability and the attorney's fees due to Plaintiff in pursuing the collection of the monies owed under the Agreements. Under the Agreements, after applying payments made, Payroll Funding Company LLC is entitled to judgment against Phoenix Building Corp. in the amount of $214,742.93; against Atlantic Construction Group (ACG) LLC in the amount of $22,087.25; against PBC Group LLC in the amount of $35,890.05; against Thomas D'Iorio in the amount of $250,632.98; against James D'Iorio in the amount of $214,742.93; against Thomas Atamanoff in the amount of $186,342.37; and against Assured Source PEO, LLC in the amount of $250,632.98. Moreover, pursuant to the breached Agreements, Defendants Phoenix Building Corp., Atlantic

Construction Group (ACG) LLC, PBC Group LLC, Thomas D'Iorio, James D'Iorio, Thomas Atamanoff, and Assured Source PEO, LLC are jointly and severally liable to pay Plaintiffs' attorney's fees in the amount of $17,973.88 incurred through December 31, 2011.

## II. CONCLUSION

IT IS HEREBY ORDERED that the Court's prior Order is amended to include the analysis herein. The Judgment remains unaffected.

DATED THIS 18th day of November 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE